# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEILEN FARRON: TAHAR AMUN-RA, a/k/a KEILEN ROBINSON | ) ) ) |
| Plaintiff, | ) ) ) |
| | ) No. 4:25-CV-00943 CDP ) |
| CITY OF SAINT ANN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of Keilen Robinson for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. The Court has reviewed the motion, and the financial information provided therein, and will grant the motion. After evaluating the complaint, the Court has determined that it is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Keilen Robinson filed the instant action pursuant to 42 U.S.C. § 1983 against six defendants: the City of Saint Ann; Saint Ann Police Department; the Chief of Police; Matt Conley (City Administrator); Christi Starr (Saint Ann Police Department); and Judge William Buchholz. He fails to indicate if he is suing defendants in their official or individual capacities. As plaintiff

is seeking punitive damages in this case, the Court presumes he is suing the defendants in their individual capacities.[1]

Plaintiff claims that his civil rights were violated when Police Officer Chronister pulled him over on July 16, 2024, on St. Charles Rock Road in Saint Ann, Missouri, and gave him two moving violations (tickets). *See City of Saint Ann v. Robinson*, No. 230756159 (21st Jud. Cir., St. Louis County) (operating a vehicle without maintaining financial responsibility); *City of Saint Ann v. Robinson*, No. 230756158 (21st Jud. Cir., St. Louis County) (failure to register a motor vehicle – brandishing a fake license plate saying "private").

Although plaintiff does not name Officer Chronister as a defendant in this action, he alleges that Officer Chronister refused to identify himself during the traffic stop and "brandished" his firearm. Plaintiff states that this refusal to identify himself and concealment of his name violated his rights under 42 U.S.C. § 1983 and § 1985. He also claims that it was a deprivation of his rights under 18 U.S.C. §§ 241 and 242. Last, plaintiff asserts violations of 18 U.S.C. §§ 1001 and 1519.

Plaintiff seeks dismissal of all pending charges against him, compensatory and punitive damages in this action.

**Discussion**

Plaintiff can be understood to claim that his rights were violated when he was pulled over and given two traffic tickets by Officer Chronister in Saint Ann, Missouri, on July 16, 2024. A

---

[1] Where a complaint does not specify capacity for a defendant, the Court must examine the course of proceedings to determine whether the action is brought against that defendant in an individual or official capacity. *S.A.A. v. Geisler*, 127 F.4th 1136-1140 (8th Cir. Feb. 7, 2025). In doing so, the Court may consider various factors, including whether the plaintiff seeks punitive damages and whether the defendant has raised a qualified immunity defense. *Id.* No single factor is dispositive. *Id* at 1139-1140. The fundamental question is whether the defendant is on notice that he is being sued in his individual capacity and that his personal liability is at stake. *Id.* In this case, plaintiff asserts that he is seeking punitive damages, and defendants have not yet entered the case. The Court therefore presumes that plaintiff is suing defendants in their individual capacities.

3

review of Missouri Case.Net[2] shows that plaintiff was charged in each of these cases with an Information on September 6, 2024. *See City of Saint Ann v. Robinson*, No. 230756159 (21st Jud. Cir., St. Louis County) (operating a vehicle without maintaining financial responsibility); *City of Saint Ann v. Robinson*, No. 230756158 (21st Jud. Cir., St. Louis County) (failure to register a motor vehicle – brandishing a fake license plate saying "private"). Judge William Buchholz was originally assigned to preside over both cases, but he recused himself from both matters on May 14, 2025. *See id*. The cases are currently pending.

Plaintiff has not alleged that he was arrested, taken into custody, kept from leaving the scene or falsely imprisoned by Officer Chronister. Rather, he merely states that Officer Chronister refused to properly identify himself by his name when he pulled plaintiff over and "brandished" his firearm. Plaintiff, however, has not made it clear how Chronister "brandished" his firearm (in or out of his holster), nor, as the Court noted above, is Chronister named as a defendant in this action. *See United States v. Drayton*, 536 U.S. 194, 205 (2002) ("[t]he presence of a [police officer's] holstered firearm ... is unlikely to contribute to the coerciveness of the encounter absent active brandishing of the weapon."); *but see United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ("[e]xamples of circumstances that might indicate a seizure ... would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled"). As Officer Chronister is not a named defendant in this action, and

---

[2]Case.net is Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

the allegations against him are conclusory, the Court cannot say that plaintiff has alleged an unlawful seizure claim against defendant Chronister in this instance.[3]

Plaintiff appears to sue the Circuit Court Judge, William Buchholz, who was initially presiding over his municipal court cases. However, Judge Buchholz is entitled to judicial immunity from suit. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, plaintiff alleges no facts of Judge Buchholz acting outside his judicial capacity or without jurisdiction. Further, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Buchholz acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him. Plaintiff's claims against Judge Buchholz are legally frivolous and are subject to dismissal.

Similarly, plaintiff's claims against Saint Ann Police Department are also subject to dismissal as it is not a suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx.

---

[3] A pro se complaint is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Furthermore, to the extent plaintiff wishes to sue the Saint Ann Chief of Police, as well as the Saint Ann City Administrator (Matt Conley), under a theory of supervisory liability, he cannot do so. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Additionally, plaintiff has failed to make any allegations against defendant Starr in the complaint. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Because plaintiff has failed to make any allegations against defendant Starr, his claims against her are subject to dismissal. And plaintiff's allegations against the City of Saint Ann are similarly subject to dismissal because the complaint contains no allegations that

6

sufficiently state a plausible municipal liability claim. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978); *Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Last, plaintiff's claims that he has been subjected to a conspiracy under 42 U.S.C. § 1985, as well as a deprivation of rights under 18 U.S.C. §§ 241 and 242 are frivolous, as are his assertions that defendants violated criminal statutes 18 U.S.C. §§ 1001 and 1519.

A § 1985 conspiracy requires a plaintiff to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017) (internal quotation and citation omitted). In other words, there must be some showing of "a meeting of the minds or understanding among the conspirators to achieve the conspiracy's aims." *White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008) (internal quotation and citation omitted). This burden can be satisfied by a plaintiff "pointing to at least some facts which would suggest [the defendants] reached an understanding to violate [his] rights." *Bonenberger v. St. Louis Metro. Police Dep't.*, 810 F.3d 1103, 1109 (8th Cir. 2016) (alterations in original) (internal quotations and citation omitted). Plaintiff has failed to allege an agreement between the named parties to violate his rights. Thus, his conspiracy claims brought pursuant to § 1985 are subject to dismissal.

Plaintiff's attempt to seek criminal violations against defendants under 18 U.S.C. §§ 1001 and 1519 are also subject to dismissal. "[T]he prosecution of criminal actions in federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys." *U.S. v. Panza*, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974). And 18 U.S.C. §§ 241 and 242 are criminal statutes that provide no basis for a private right of

action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . These statutes do not give rise to a civil action for damages.").

For the foregoing reasons, the Court finds the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of July, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

8